**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE**

| | | |
|---|---|---|
| **AUDREY MARIE PLUMMER** | ) | |
| | ) | **Case No. 2:25-cv-00073** |
| **v.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY** | ) | |

**MEMORANDUM OPINION**

Plaintiff Audrey Marie Plummer filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration ("SSA") denying her disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 13) and supporting memorandum (Docket No. 14), to which Defendant SSA responded (Docket No. 17) and Plaintiff replied (Docket No. 18). The parties have consented to entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit. (Docket No. 5.)

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion (Docket No. 13) is **GRANTED**.

## I. INTRODUCTION

On December 2, 2021, Plaintiff filed an application for DIB. (Transcript of the Administrative Record (Docket No. 11) at 20).[1] In her application, Plaintiff asserted that, as of the alleged onset date of July 1, 2021, she was disabled and unable to work due to the following

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

physical or mental conditions: urinary tract infection, kidney stones, "fell and hurt neck," back pain, sleeplessness. (AR 430.)

The claim was denied initially on October 24, 2022, and upon reconsideration on May 12, 2023. (AR 74–129.) On March 5, 2024, Administrative Law Judge ("ALJ") Joyce Francis held a hearing at which Plaintiff appeared with counsel and testified. (AR 63–73.) The ALJ held another hearing on August 7, 2024. (AR 36–62.) On September 26, 2024, the ALJ denied Plaintiff's claim. (AR 20–29.) On June 16, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (AR 1–3.) Plaintiff then timely commenced this civil action pursuant to 42 U.S.C. § 405(g). (Docket No. 1.)

## II.     THE ALJ'S FINDINGS

The ALJ included the following enumerated findings in the September 26, 2024 decision:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2026.

2. The claimant has not engaged in substantial gainful activity since July 1, 2021, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: disorders of the skeletal spine, status-post cervical fusion; and recurrent urinary tract infections and kidney stones and related infections (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffold; can occasionally balance as defined in the *Selected Characteristics of Occupations* (SCO) of the *Dictionary of Occupational Titles* (DOT); can occasionally stoop, kneel, crouch, and crawl; can frequently reach overhead with the bilateral upper extremities; can frequently handle and finger with her

2

bilateral upper extremities; and can frequently be exposed to unprotected heights or dangerous moving machinery.

6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on May 22, 1990, and was 31 years old, which is defined as *a younger individual age 18-49*, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 22–29.)

## III.  REVIEW OF THE RECORD

The parties and the ALJ, in combination, have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV.  DISCUSSION AND CONCLUSIONS OF LAW

### A.  Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (1) whether the SSA's decision is supported by substantial evidence, and (2) whether the proper legal criteria were applied to the SSA's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The SSA's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that

3

would have supported an opposite conclusion." *Blakley,* 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially like that in *Richardson*).

The SSA utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.* Second, if the claimant does not have a severe medically determinable impairment that meets the 12-month durational requirements, she is not disabled. *Id.* Third, if the claimant suffers from a listed impairment, or its equivalent, for the proper duration, she is presumed disabled. *Id.* Fourth, if the claimant can perform relevant past work based on her residual functional capacity ("RFC"), which is an assessment of "the most you [the claimant] can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1), she is not disabled. *Id.* Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the SSA at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the SSA's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).

4

A reviewing court may not try a case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B.     The ALJ's Five-Step Evaluation of Plaintiff**

At step one, the ALJ found that Plaintiff met the insured status requirements through September 30, 2026, and had not engaged in substantial gainful activity since July 1, 2021, her alleged onset date. (AR 22.) At step two, the ALJ found that Plaintiff had the following severe impairments: disorders of the skeletal spine, status-post cervical fusion; and recurrent urinary tract infections and kidney stones and related infections. (AR 23.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 23.) At step four, the ALJ determined that Plaintiff had the RFC to perform light work with certain exertional limitations. (AR 24–28.) Finally, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including sales attendant, housekeeper cleaner, and mail clerk. (AR 28–29.)

Therefore, the ALJ determined that Plaintiff was not disabled between July 1, 2021, the alleged onset date, through September 26, 2024, the date of the decision. (AR 29.)

**C.     Plaintiff's Assertion of Error**

Plaintiff asserts that the ALJ failed to adequately evaluate the medical opinion evidence of state agency consultant Mary McLarnon, M.D. when assessing Plaintiff's RFC. (Docket No. 14 at 8–14.) Accordingly, Plaintiff asks the Court to reverse the SSA's decision and remand the matter

to the SSA for either a directed finding of disability and calculation of benefits or further administrative proceedings. (*Id.* at 14.)

In the ALJ's decision, she considered and determined the persuasiveness of opinions from several medical sources, including providers and state agency consultants. In particular, the ALJ found that the September 23, 2022 opinion of Dr. McLarnon was not persuasive. (AR 27.) At the initial level of Plaintiff's disability review, Dr. McLarnon opined that Plaintiff had certain exertional limitations: she could occasionally and frequently lift 10 pounds; stand and walk for 4 hours; sit for 6 hours; frequently climb ramps and stairs, balance, stoop, kneel, and crouch; occasionally climb ladders, ropes, and scaffolds; and frequently reach overhead. (AR 74–90.) Based on Dr. McLarnon's opinion regarding the "seven strength factors of the physical RFC (lifting/carrying, standing, walking, sitting, pushing, and pulling)," the opinion determined that Plaintiff demonstrated a maximum sustained capability of "sedentary" work. (AR 88.)

The ALJ discussed Dr. McLarnon's opinion as follows:

As for the prior administrative medical findings, the determinations of the DDS medical consultant at the initial level, Mary McLarnon, M.D., dated September 23, 2022 (Ex. 1A and 2A), are not persuasive to the extent the determinations conclude that the claimant is limited to *sedentary* work. New evidence was admitted into the record after Dr. McLarnon rendered her determination, and the undersigned finds that the totality of the evidence, including the findings of the examining consultant, Dr. Johnson, as well as the normal physical examinations otherwise in the record, support that the claimant can perform a range of *light* exertional work.

(AR 27.)

In Plaintiff's motion, she argues that the ALJ's analysis of Dr. McLarnon's opinion is "improper" because the ALJ "does not adhere to the specific requirements regarding the discussion of the supportability and consistency factors." (Docket No. 14 at 9.) She maintains that the ALJ failed to adequately assess the opinion's supportability and consistency; improperly rejected Dr. McLarnon's opinion based on new evidence even though she did not reject other opinions after

6

additional new evidence was submitted; and cherry picked the record for "normal physical examinations" when the record is more consistent with a restriction to sedentary work.

In response, the SSA contends that the ALJ properly considered Dr. McLarnon's opinion. (Docket No. 17 at 7–9.) The SSA argues that the ALJ properly considered whether the opinion was consistent with the record and did not cherry pick evidence, but instead discussed the very records that Plaintiff claims were overlooked. The SSA also argues that the ALJ properly considered whether Dr. McLarnon's opinion was supportable by noting that new evidence was submitted after the opinion was rendered.

Courts review an ALJ's RFC determination for substantial evidence. *See Blakley*, 581 F.3d at 405–06. Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co.*, 305 U.S. at 229). "In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." *Eslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012) (citing 20 C.F.R. § 404.1545(a)(3)). An ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002).

When evaluating medical opinion evidence to formulate the RFC, the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," but is instead directed to consider the "persuasiveness" of the medical opinions based on five categories, which include: (1) supportability, (2) consistency, (3) the provider's

7

relationship with the claimant, (4) the provider's specialization, and (5) other factors such as familiarity with the disability program's policies. 20 C.F.R. § 404.1520c(a)-(c).

The first and second factors, supportability and consistency, are the "most important" in a "persuasiveness" analysis. *Id.* § 404.1520c(a). In assessing supportability, medical opinions and prior findings are "more persuasive" if the objective medical evidence and supporting explanations that are used to support those opinions or findings are "more relevant." *Id.* § 404.1520c(c)(1). In assessing consistency, medical opinions and prior findings are "more persuasive" if they are "more consistent" with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). These two factors have been described as follows:

> In other words, supportability addresses whether a medical professional has sufficient justification for their own conclusions. . . . Consistency, by contrast, requires the ALJ to compare the medical opinion at issue to "other medical and nonmedical sources."

*Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio September 12, 2023) (citations omitted).

These two most important factors – supportability and consistency – must be explained, while the other three factors may be explained. 20 C.F.R. § 404.1520c(b)(2). To determine the persuasiveness of a particular medical opinion, a court must evaluate whether the ALJ properly considered the factors set forth in the regulations. *Toennies v. Comm'r of Soc. Sec.*, No. 1:19-CV-02261, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019)).

The applicable SSA regulations "require that the ALJ provide a coherent explanation of his reasoning." *Lester v. Saul*, No. 5:20-cv-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 20-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The ALJ must provide a "minimum level of

articulation" in his determinations and decisions to "provide sufficient rationale for a reviewing adjudicator or court." *Warren I v. Comm'r of Soc. Sec.*, No. 20-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01 (2017)). A failure to meet these "minimum levels" of articulation "frustrates" the court's ability to determine if the ALJ's decision was supported by substantial evidence. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)).

With respect to consistency, the ALJ found that "new evidence" and the "totality of the record" indicated that Plaintiff could perform a range of "light exertional work," which rendered Dr. McLarnon's decision not persuasive. The ALJ did not specify what the "new evidence" was, but a review of the record indicates that the "new evidence" consisted of medical records from Carthage Family Wellness from September 20, 2022 to February 8, 2024. (AR 1994–2005.) At other points in her decision, the ALJ referenced these records from Carthage Family Wellness, as well as from other providers, largely to show that Plaintiff had "normal" physical examinations, which included "normal movement of all extremities, full range of motion of the neck, normal thoracolumbar appearance, no musculoskeletal tenderness, no bony abnormalities, no contractures, no edema, normal muscle strength, normal sensation, and no neurological deficits otherwise" and that her back pain was associated with her kidney issues. (AR 26 (citing AR 1997, 2001, 2004, 2007, 2010–11, 2013, 2017).)

As for what the ALJ called the "totality of the record," this included Plaintiff's otherwise "normal" physical examinations, as detailed above, and the findings of examining consultant Roy Johnson, M.D. (AR 27.) According to the ALJ, Dr. Johnson found that Plaintiff "could occasionally lift and carry five pounds; stand and walk no more than two hours maximum in an

9

eight-hour workday, with normal breaks; and sit without restrictions." (AR 27.) Dr. Johnson opined that Plaintiff was limited to "sedentary exertional work," but the ALJ found his opinion to not be persuasive. Nevertheless, Dr. Johnson's findings were more restrictive than those of Dr. McLarnon, who opined that Plaintiff could occasionally and frequently lift more weight and could stand and walk for a longer period of time. (AR 84.)

The Court finds that the ALJ's consideration of the consistency of Dr. McLarnon's opinion was sufficient. It is clear that the ALJ found that other evidence in the record contradicted, or at least weakened, Dr. McLarnon's opinion, which rendered the opinion unpersuasive to the ALJ. Although Plaintiff points to other medical records that she believes are consistent with Dr. McLarnon's opinion and support a more restrictive RFC, it is not this Court's job to determine if there is evidence in favor of Plaintiff's position that she is not able to perform light work with certain limitations.[2] *See Garner*, 745 F.2d at 387 ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."). This Court is limited to determining whether substantial evidence supported the ALJ's RFC. That substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406. Overall, the Court finds that the ALJ provided a sufficient explanation of the consistency of Dr. McLarnon's opinion.

---

[2] In her motion, Plaintiff discusses CT scans that she believes show "mild" results. (Docket No. 14 at 12.) In her reply, she contends that the SSA failed to address the ALJ's allegedly improper analysis of these results. (Docket No. 18 at 2.) The Court makes no findings as to whether the ALJ properly analyzed the CT scans except to reiterate that it is not the task of this Court to determine if there is evidence in favor of Plaintiff's position that she is not able to perform light work with certain limitations. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.").

10

However, with respect to supportability, the ALJ failed to state, let alone explain, whether Dr. McLarnon's opinion was or was not supported by her findings. In its response to Plaintiff's motion, the SSA argues that the ALJ adequately explained why Dr. McLarnon's opinion was not supportable when the ALJ pointed to the "new evidence" from Carthage Family Wellness. (Docket No. 17 at 9.). However, an ALJ's mere reference to new evidence, without more, does not address whether Dr. McLarnon had "sufficient justification" for her conclusion. *Elizabeth A.*, 2023 WL 5924414, at \*4.) There is no discussion of Dr. McLarnon's findings and why those might render her conclusion less persuasive to the ALJ, though this factor must be explained. 20 C.F.R. § 404.1520c(b)(2).

As it stands, the ALJ's discussion of Dr. McLarnon's opinion leaves the Court to wonder how the ALJ reached her conclusion that the opinion was not persuasive, at least with respect to the factor of supportability. Accordingly, the Court cannot find that the ALJ appropriately weighed Dr. McLarnon's opinion because the ALJ failed to consider the supportability factor as required under the regulations. This failure frustrates the Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *See Hardy*, 554 F. Supp. 3d at 906; *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021WL 2535580, at \*7–8 (N.D. Ohio June 3, 2021) (finding that the "ALJ's terse reasoning failed to build an accurate and logical bridge between the evidence and his conclusion that Dr. Sprout's opinion was substantially inconsistent with the medical record"). For these reasons, remand is required.

# V. CONCLUSION

For the above stated reasons Plaintiff's motion for judgment on the administrative record (Docket No. 13) is **GRANTED** and this matter is **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this memorandum opinion.

An appropriate Order will accompany this memorandum opinion.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

12